*54
 
 Ruffin, C. J.
 

 It is true the word “for” may make a condition ; and it does so, when each party is subsequently to do some act, and, upon the sound construction of the instrument, it is apparent, that the act on the part of the party suing ought to precede or concur in point of time with that stipulated by the other party. Many cases were cited in the argument for the defendant: but in all of them the contracts were so expressed as to appear to be executory on both sides, and amount to stipulations for mutual acts
 
 in future,
 
 which were, at the least, tobe concurrent. Cases of that kind however have no application to one like the present. If the consideration, mentioned in the bond, was past, the obligation of the defendant to pay the money was, of course, intended to be absolute.— But if it cannot be collected from the instrument — to which alone we are to look for its meaning in this respect —that the defendant had already had the use of the negro and boxes, still there is nothing to show, that he was to have them before the day on which he was to pay the money. Suppose the expression in the bond had been “for value,” without adding the word “received it is plain it would stand indifferent, whether the value had been received before, or was to be received after, the making of the contract. Therefore it could not be said that the instrument purported to be conditional. But admitting that it could be construed as providing for value to be received, yet that provision could not be deemed a condition to be performed by the plaintiff, before he could have a cause of action, since neither the kind of value, nor the period of rendering the benefit, is specified. Now, it is not stated in this instrument, when the hire of the negro was to begin, nor for what period it was to continue. We are told at the bar, that the phrase “crops of boxes,” means as many pine trees, prepared for making turpentine, as one hand will attend during a season. But, taking that to bo so, it cannot be told what years the de
 
 *55
 
 fendant was to have the boxes, namely, whether in 1848, or whether a crop for one hand in that year, and for another in some other year. The words were probably intended' merely to show on what transactions between the parties this money was due : namely, those of hiring a particular negro and the rent of certain turpentine boxes, and not to enter into any particulars of such hiring and renting. The case, therefore, falls within the common . rule, upon which stipulations are deemed independent, when the one party engages, for example, to pay money at a certain day, for which the other party is to do other acts, which may or may not be performed before or at that day.
 

 Per Curiam. Judgment affirmed.